# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-06971 PA (YBKx) | Date | September 11, 2014 |
|---|---|---|---|
| Title | Tamar Estanboulian v. Forever 21 Retail, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before this Court is a Class Action Complaint filed by Plaintiff Tamar Estanboulian ("Plaintiff") against Forever 21 Retail, Inc. ("Defendant.")  The Complaint alleges jurisdiction exists based on diversity of citizenship.  (Compl. ¶ 5.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994).  The party asserting jurisdiction bears the burden of proof.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001); Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  "[A] plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case . . . ."  Smith v. McCullough, 270 U.S. 456, 459, 46 S. Ct. 338, 339, 70 L. Ed. 682 (1926).

To invoke this Court's diversity jurisdiction, Plaintiff must allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  District courts also have original jurisdiction over putative class actions pursuant to the Class Action Fairness Act of 2005 ("CAFA").  See 28 U.S.C. § 1332(d); Birdson v. Apple, Inc., 590 F.3d 955, 957 n.1 (9th Cir. 2009).  To establish diversity jurisdiction under CAFA, a plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  However, "[a] district court shall decline to exercise jurisdiction under [28 U.S.C. § 1332(d)(2) if] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. ¶ 1332(d)(4)(B).  Additionally, a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of class members are citizens of the state in which an action is filed based on various considerations listed at 28 U.S.C. § 1332(d)(3).

Here, Plaintiff asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2).  Specifically, the Complaint alleges that "Plaintiff [is] a resident of the State of California [and] seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-06971 PA (YBKx) | Date | September 11, 2014 |
|---|---|---|---|
| Title | Tamar Estanboulian v. Forever 21 Retail, Inc. | | |

relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company whose principal place of business is in the State of California and State of Incorporation are [sic] in the State of Delaware." (Compl. ¶ 5.) Plaintiff asserts that the amount in controversy requirement is satisfied because "damages will exceed the $5,000,000 threshold for federal court jurisdiction because Plaintiff seeks $1,000 for Plaintiff and each member of the class." (Id.) Plaintiff thus seeks relief on behalf of a class of at least 5,000 individuals, "at least one" of whom belongs to a state other than California or Delaware, Defendant's states of citizenship. However, unless more than one-third of the class members are not citizens of California, 28 U.S.C. ¶ 1332(d)(4)(B) requires this Court to decline to exercise jurisdiction. Moreover, the Court may decline to exercise jurisdiction if greater than one-third of the class members are citizens of California and other considerations so dictate. 28 U.S.C. § 1332(d)(3).

Accordingly, Plaintiff is ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response in writing no later than September 25, 2014. Failure to respond to this Order to Show Cause may result in dismissal of this action without prejudice.

IT IS SO ORDERED.